■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. GEORGE WARD, Appellant, v JAMES SULLIVAN, as Superintendent of Sing Sing Correctional Facility, et al., Respondents.—In a habeas corpus proceeding, the petitioner appeals from a judgment of the Supreme Court, Westchester County (Cerrato, J.), entered April 8, 1987, which dismissed the proceeding.

Ordered that the judgment is affirmed, without costs or disbursements.

The petitioner claims that he was denied due process of law because of the error of the parole authorities in citing the incorrect numbers of the conditions of release which the petitioner was charged with violating. The petitioner further claims that the Administrative Law Judge presiding over the final parole revocation hearing failed to make findings of fact and to state the reasons for revoking parole. We find the petitioner's contentions to be without merit. While the respondents have conceded that the parole violation charges incorrectly stated numbers of the conditions of parole that the petitioner was accused of violating, the charged violations were set forth in detail in the parole violation report and provided petitioner with adequate notice of the claimed violations of parole pursuant to due process requirements (see, Morrissey v Brewer, 408 US 471, 489). Nor did the decision of the Administrative Law Judge violate the requirement of due process that a parolee be provided with "a written statement by the factfinders as to the evidence relied on and reasons for revoking parole" (Morrissey v Brewer, supra, at 489). The decision more than adequately apprised the petitioner of the findings of fact and the reasoning underlying the decision notwithstanding the incorrect numerical reference to the conditions of parole enumerated in the certificate of release on parole. Thompson, J. P., Brown, Eiber and Sullivan, JJ., concur.